FILED
United States Court of Appeals
Tenth Circuit

June 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SOUMAINE MAHAMAT DJORKODE,

　　　　　Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

　　　　　Respondent.

No. 13-9549
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

　　　　Soumaine Mahamat Djorkode, a native and citizen of Chad, petitions for

review of the Board of Immigration Appeals' (BIA) decision, which dismissed his

appeal from an immigration judge's (IJ) denial of his applications for asylum,

restriction on removal, and relief under the Convention Against Torture (CAT).  His

---

[*]　　　　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

single issue is easily resolved. He quarrels about exceptionally cogent and complete credibility determinations. We deny review.[1]

Djorkode was admitted to the United States on nonimmigrant visa but overstayed. At a preliminary hearing before an IJ, he admitted the charges against him, conceded removability, and renewed his timely-filed applications for asylum, restriction on removal, and CAT protection. Djorkode asserted he had been detained and tortured in Chad on account of his membership in the Gorane clan and because he is related to Mahamat Nouri, a leader of an organization engaged in subversive activities against Chad's government.

Following a merits hearing, at which only Djorkode testified, the IJ issued an extremely thorough decision finding Djorkode not credible. Admin. R. at 155-202.[2] It cited numerous, specific inconsistencies within Djorkode's testimony and between his testimony and his prior written statement. It also noted several implausible explanations offered by Djorkode. Ultimately, the IJ denied all relief because of Djorkode's lack of credibility.

The BIA, in a brief, single-member decision, discussed certain inconsistencies the IJ had identified, held that the IJ's credibility finding was not clearly erroneous, and dismissed Djorkode's appeal. The BIA explained:

---

[1]    Our jurisdiction derives from 8 U.S.C. § 1252(a)(1).

[2]    The IJ's 48-page oral decision incorporates a separate 14-page order outlining the applicable law. Admin. R. at 156; *id.* at 141-54.

> We find, given the totality of the circumstances, that the [credibility] concerns noted by the Immigration Judge are substantial and seriously call into question the veracity of [Djorkode's] story, and *we rely* on the Immigration Judge's recitation of these problems.
>
> Given [Djorkode's] lack of credibility, we find no error in the Immigration Judge's decision denying his applications for asylum and [restriction on] removal. . . . [Further, Djorkode] has provided insufficient supporting evidence—given that the Immigration Judge properly found [him] not credible—to suggest that [he is entitled to CAT relief].

*Id.* at 3 (emphasis added).

On appeal, Djorkode challenges the BIA's adverse credibility determination. We review the BIA's factual findings, including credibility determinations, for substantial evidence. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "Where the BIA's decision relies upon an IJ's initial findings, we must ensure that such determinations are substantially reasonable." *Id.* (internal quotation marks omitted). "And [b]ecause an alien's testimony alone may support an application for [restriction on] removal or asylum . . . the IJ must give specific, cogent reasons for disbelieving it." *Id.* (internal quotation marks omitted)).

In conducting our review, we do not reweigh the evidence, *see Sarr v. Gonzales*, 474 F.3d 783, 789 (10th Cir. 2007), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "In formulating those reasons, the trier of fact must look to the 'totality of the circumstances' and 'all relevant

- 3 -

factors.'" *Sarr*, 474 F.3d at 789 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  Under the

asylum statute, the

> trier of fact may base a credibility determination on the . . . candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . .

8 U.S.C. § 1158(b)(1)(B)(iii); *id.* § 1229a(c)(4)(C) (same language in

removal-proceedings statute); *see also Elzour v. Ashcroft*, 378 F.3d 1143, 1152

(10th Cir. 2004) (explaining that an "adverse credibility determination may

appropriately be based upon . . . inconsistencies . . . , lack of sufficient detail, or

implausibility").

Here, the IJ gave specific, cogent reasons for finding Djorkode's testimony

incredible.  The BIA highlighted several inconsistencies the IJ had identified and

expressly relied on the IJ's credibility finding.  Having carefully reviewed the record

in accordance with the prescribed deferential standard of review, we see no basis to

conclude that the BIA's decision was substantially unreasonable or that any

reasonable adjudicator would be compelled to conclude otherwise.  Djorkode would

have us to reweigh the evidence.  That is not our place.

The petition for review is denied.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

- 4 -